FILED
2021 SEP 17 PM 1:36
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHESTER N., <br><br> Plaintiff, <br> vs. <br><br> KILOLO KIJAKAZI, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 1:20-cv-00047-CMR <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on September 3, 2021 (Hearing) (ECF 31), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and legally sound and is, therefore, AFFIRMED for the reasons discussed below.

## I.     FACTUAL BACKGROUND

In October 2016, Plaintiff protectively applied for DIB and SSI, alleging disability beginning on October 14, 2015 (Administrative Transcript (Tr.) 145). He alleged disability due to right knee and back problems (Tr. 41-48, 179). Plaintiff graduated from high school (Tr. 180) and has past relevant work as a delivery driver for a freight company (Tr. 180, 228).

After a March 2019 administrative hearing the Administrative Law Judge (ALJ) found that Plaintiff was not disabled within the meaning of the Act in an April 2019 decision (Tr. 19-28). The ALJ followed the familiar five-step sequential evaluation for assessing disability. *See*

*generally* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). As relevant here, the ALJ found that Plaintiff's severe impairments[1]—including dysfunction of the major joints; degenerative disc disease; obesity; obstructive sleep apnea; hypertension; and depression—did not meet or medically equal the criteria of any of the per se disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app'x 1 (Tr. 21-22). After fully considering the longitudinal record evidence, the ALJ assessed Plaintiff's residual functional capacity (RFC),[2] limiting Plaintiff to work activities that are largely consistent with—or, in some instances, more restrictive than—those required for sedentary work (Tr. 22). *See* 20 C.F.R. § 404.1567(a). Based on that RFC determination, the ALJ held that Plaintiff was unable to perform past relevant work (Tr. 26). However, relying on vocational expert testimony, the ALJ found that Plaintiff was not disabled under the Act because there was a significant number of other jobs in the national economy that he could perform, including, among others, eyeglasses assembler, fishing reel assembler, and toy stuffer (Tr. 27).

The Appeals Council denied Plaintiff's ensuing request for review (Tr. 1-4), making the ALJ's decision the Commissioner's final decision for the court's review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a). This appeal followed.

## II.  LEGAL STANDARDS

To establish that he is disabled, a claimant must show that he was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). A disabling physical or mental impairment is

---

[1] A "severe" impairment is one that significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1522(a).
[2] RFC is the most a claimant can do, despite limitations from symptoms caused by his impairments. 20 C.F.R. § 404.1545(a)(1).

defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. 42 U.S.C. § 423(d)(5)(A).

Whether a claimant is disabled under the Act is a decision reserved to the Commissioner alone. 20 C.F.R. § 404.1527(d). The federal regulations set forth a five-step sequential analysis that an ALJ must follow in determining the ultimate issue of disability. 20 C.F.R. § 404.1520. A claimant bears the burden of proof at steps one through four, at which point the burden shifts to the Commissioner to demonstrate that there is other work in the national economy that the claimant can perform. *See* 20 C.F.R. § 404.1512(a) (The claimant generally bears the ultimate burden of proving that she was disabled throughout the period for which benefits are sought); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

This court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On judicial review, the agency's factual findings are "'conclusive' if supported by 'substantial evidence,'" an evidentiary threshold that "is not high." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153-54 (2019) (quoting 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla" and "means— and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154 (internal quotation omitted). The court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Lax*, 489 F.3d at 1084 (citation omitted). Where the evidence as a whole can support either the agency's decision

or an award of benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); *accord Biestek*, 139 S. Ct. at 1157 (where there are conflicts in the evidence, the court defers to the presiding ALJ, "who has seen the hearing up close").

### III. DISCUSSION

Plaintiff argues that the ALJ erred in his RFC assessment by improperly accounting for Plaintiff's mental limitations in the areas of concentration, persistence, or pace and Plaintiff's physical limitations due to obesity. In assessing RFC, the ALJ considers "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). At the administrative level, the ALJ alone is responsible for assessing RFC based on that evidence. *Id*. § 404.1546(c); *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record.").

Here, the ALJ found that Plaintiff could perform sedentary work as it is defined in the regulations, with postural and environmental limitations that are broadly consistent with the wide range of sedentary work (Tr. 26-27). *See* 20 C.F.R. § 404.1567(a) (defining sedentary work); Social Security Ruling (SSR) 85-15, 1985 WL 56857, at *6-8 (further defining the postural and environmental requirements of sedentary work). As defined in the regulations, sedentary work involves lifting no more than 10 pounds at a time, with only occasional[3] lifting or carrying of small articles; sitting for about six hours in an eight-hour workday; and standing and walking—combined—for no more than two hours in an eight-hour workday. 20 C.F.R. § 404.1567(a) (defining the exertional requirements of sedentary work); SSR 83-10, 1983 WL 31251, at *5 (further defining the exertional requirements of sedentary work).

---

[3] "Occasionally" means occurring at least once, but not more than one-third of an eight-hour workday. *Program Operations Manual System* DI 25001.001(A)(53), available at http://policy.ssa.gov/poms.nsf/lnx/0425001001.

In addition to limitations consistent with sedentary work, the ALJ further accounted for Plaintiff's physical impairments (back pain, joint pain, and obesity) by allowing for the option to sit and stand at the workstation throughout the workday, alternating sitting for about 30 minutes and standing for anywhere between a few minutes up to 15 minutes (Tr. 22). And the ALJ also accounted for Plaintiff's mental limitations "in concentration, persistence, and pace" from depression and chronic pain by restricting Plaintiff "to work involving only simple, routine, and repetitive tasks of two to three steps[,] on average" (Tr. 22).

The ALJ alone is charged with considering and summarizing the medical evidence, and "is not required to discuss every piece of evidence" in his decision. *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) (internal quotation marks and citation omitted). Here, in assessing Plaintiff's RFC, the ALJ considered and discussed Plaintiff's subjective symptom testimony and statements to others about his activities and limitations, the objective medical evidence, and the opinion evidence (Tr. 22-26). The ALJ's narrative discussion is sufficient for the court to follow the ALJ's reasoning and is supported by substantial evidence of record.

### A. The ALJ properly considered Plaintiff's mental impairments.

In assessing Plaintiff's mental impairments, the ALJ gave Plaintiff the benefit of the doubt in his step-three and RFC findings. At the administrative hearing, Plaintiff denied any side effects from taking pain medication (Tr. 46) and did not otherwise allege any limitations due to mental impairments, either alone or in combination with interference from pain (Tr. 39-48). The record includes only limited evidence—found intermittently in records from June 2018 to January 2019—that could support allegations of mental symptoms. Notably, during that time, Plaintiff said that he felt emotionally stable despite reporting to treatment providers that he had not been receiving—and did not want—any therapy or counseling and was only taking his

prescribed antidepressant "sometimes" (Tr. 25 (citing Tr. 778); *see also* Tr. 763 (January 2019 statement by Plaintiff's wife to Plaintiff's treatment provider that Plaintiff had not taken his antidepressant medication for months and had never regularly taken it)).

Relying on *Chapo v. Astrue*, 682 F.3d 1285, 1290-91 (10th Cir. 2012), Plaintiff argued that the ALJ may not account for the "moderate" limitations he assessed at step three by limiting Plaintiff to "simple, routine, and repetitive tasks" and argued the *Chapo* case held that a limitation to "simple work" is too vague a description and a basis for reversal (ECF 28 at 2).). Plaintiff's reliance on *Chapo* is not only misplaced but the reported holding is inaccurate.[4] The language Plaintiff relies on is only dicta in a footnote, and is, in any event, distinguishable from the facts of this case. Although the ALJ in *Chapo* did not account for a "moderate" limitation in concentration, persistence, or pace found in a psychologist's medical opinion, *see id.*, the ALJ in this case included specific mental limitations in his RFC, restricting Plaintiff "to work involving only simple, routine, and repetitive tasks of two to three steps[,] on average" (Tr. 22). .

Given the evidence in the record, these limitations reasonably account for the ALJ's step-three assessment of a moderate limitation in concentration, persistence, or pace (Tr. 22). *See e.g., Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014) (unpublished) (affirming the ALJ's decision that the claimant was capable of unskilled work despite the ALJ's finding "of a moderate limitation in concentration, persistence, or pace at step three," and rejecting the claimant's argument that "the ALJ's finding of a moderate limitation in concentration,

---

[4] At the hearing, Plaintiff's counsel conceded the case was factually dissimilar and the misinterpretation of the case. While the court notes the candor, counsel is reminded to ensure there is a legally sound basis to assert claims prior to filing them. *See* Federal Rule of Civil Procedure 11(b)(2). (.

persistence, or pace at step three" required translation by the ALJ to the claimant's preferred mental "work-related functional limitation).

### B. The ALJ properly considered Plaintiff's obesity.

Although Plaintiff argues that the ALJ did not account for his obesity in the RFC assessment, that argument is unavailing. The ALJ dedicated an entire section of the RFC's narrative discussion to Plaintiff's obesity and its resultant effect on Plaintiff's work-related abilities and limitations, both standing alone and in combination with Plaintiff's other impairments, including Plaintiff's "low back and knee pain" (Tr. 24-25). The ALJ concluded that substantive discussion of Plaintiff's obesity by stating that "[Plaintiff's] obesity has received consideration and incorporation in appropriate limitations of the RFC" (Tr. 25).

Nothing more was required. Not only did the ALJ include additional limitations beyond those already found in the definition of sedentary work—including requiring that Plaintiff be able to alternate between sitting and standing at the workstation—his assessed limitations were more restrictive than those found among any of the medical source opinions found in the record. *See, e.g.*, *Johnson v. Comm'r, SSA*, 764 F. App'x 754, 759 (10th Cir. 2019) (unpublished) (finding the ALJ's decision sufficiently considered obesity where "the ALJ discussed the 'possible ramifications' of the claimant's obesity," and where "the ALJ's RFC determination was supported by an examining physician's report that considered the claimant's obesity" (citing *Howard*, 379 F.3d at 948)).

To the extent that Plaintiff argues that the record includes evidence that could support assessing more restrictive limitations due to obesity, that argument is also unavailing. As the factfinder in this case, the ALJ was tasked with resolving any inconsistencies in the evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). Here, the ALJ applied the correct legal

standards and considered all subjective complaints, medical records, and opinion evidence in determining Plaintiff's RFC—including Plaintiff's obesity and that RFC determination was consistent with the record as a whole.

## IV. CONCLUSION

The ALJ's decision is supported by substantial evidence and is legally sound and is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 17 September 2021.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah